UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JOSE NELSON GUZMAN,

                                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                                Respondent.

------------------------------------------X

11 Civ. 2433

OPINION

A P P E A R A N C E S:

    Attorney for Petitioner

    MICHAEL B. COHEN, P.A.
    6400 N. Andrews Avenue, Suite 505
    Fort Lauderdale, FL  33309
    By:  Michael Bruce Cohen, Esq.

    Attorney for Respondent

    PREET BHARARA
    United States Attorney for the
    Southern District of New York
    One St. Andrew's Plaza
    New York, NY  10007
    By:  Kristy Jean Greenberg, Esq.

**Sweet, D.J.**

Jose Nelson Guzman (the "Petitioner" or "Guzman") has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 because of ineffective assistance of counsel resulting from counsel's failure to advise Petitioner that Petitioner's "guilty pleas could subject [Petitioner] to automatic deportation." Pet.'s Br. at 5. Upon the facts and conclusions set forth below, the Petitioner's motion is denied.

**Prior Proceedings**

The age of the two criminal actions underlying the Petitioner's motion make reconstructing the prior proceedings a challenging task. The Government represents that on September 2, 1983, Indictment 83 Cr. 550 was filed in the Southern District of New York, charging the Petitioner with conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. § 846, and distribution and possession of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). On October 6, 1983, the Petitioner pleaded guilty to the second count, distribution and possession of cocaine, and on January 4, 1984, the Petitioner was sentenced to an indeterminate period of confinement of four to six years, pursuant to 18 U.S.C. §

1

5010(b) (the Federal Youth Corrections Act). The Petitioner's brief acknowledges his guilty plea to the distribution and possession of cocaine charge and states that he was sentenced to three years' imprisonment. Pet.'s Br. at 2. Records from the Immigration and Naturalization Service dated May 19, 1997 confirm that Guzman served three years' imprisonment. The Government has stated that the conspiracy charge was subsequently dismissed with the consent of the Government.

       The Government also states that, on October 6, 1983, the Government filed Information 83 Cr. 633 in the Southern District of New York, charging that, on or about August 22, 1983, the Petitioner did unlawfully, willfully and knowingly carry a firearm during the execution of a felony, in violation of 18 U.S.C. § 924(c)(2). Both the Government and the Petitioner acknowledge that the Petitioner subsequently pleaded guilty to the charge in the Information. At his sentencing on January 4, 1984, the imposition of sentence was suspended for the gun charge, and the Petitioner was placed on probation for a period of three years to be served consecutively upon the completion of the execution of the sentence imposed for the drug charge.

The Government states that, on May 22, 1991, a Petition for Probation Action was filed in case number 83 Cr. 633, alleging that the Petitioner used cocaine on or about January 9, 1991, the Petitioner failed to report to Probation as directed on several dates in 1990 and the Petitioner failed to submit monthly supervision report forms in a timely manner for several months in 1990.  Neither the Government, nor the Court, has been able to locate any documents or information concerning the outcome of the May 22, 1991 Petition for Probation Action. In addition, the precise date upon which the Petitioner's probationary term expired has not been determined.

The Government has submitted a March 1998 order from the U.S. Department of Justice, Executive Office for Immigration Review establishing that the Defendant was not deported and that immigration proceedings against him have been terminated.

Presently, there is no record of the Petitioner currently serving a term of probation for the 1983 convictions raised in his § 2255 motion.

On April 8, 2011, the Petitioner filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.  In his motion, the Petitioner

states: "I was not advised of the deportation consequences of my guilty pleas by my attorney, Lawrence Hermann. He should have advised me that my guilty pleas could subject me to automatic deportation, but he did not; I was subsequently faced with removal proceedings as a result of my attorney's failure to advise me properly." Pet.'s Br. at 5. The Petitioner seeks relief pursuant to the writ of habeas corpus, claiming that he received ineffective assistance of counsel in that his attorney failed to inform him of the immigration consequences of his guilty plea as required under Padilla v. Kentucky, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

**The Applicable Standard**

Title 28 U.S.C. Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

In considering a § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Second Circuit has interpreted Section 2255 "as requiring a hearing in cases where the petitioner has made a 'plausible claim' of ineffective assistance of counsel." Morales v. United States, 635 F.3d 39, 45 (2d Cir. 2011) (quoting Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009)). To warrant a hearing, a petitioner's "application must contain assertions of fact that a petitioner is in a position to

5

establish by competent evidence." United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987); see also LoCascio v. United States, 395 F.3d 51, 57 (2d Cir. 2005). The court must then determine whether, viewing the record "in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief." Puglisi, 586 F.3d at 213. A defendant seeking a hearing on an ineffective assistance of counsel claim "need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim." Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011) (quoting Puglisi, 586 F.3d at 213). However, "[a]iry generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing." Aiello, 814 F.2d at 113-14; Haouari v. United States, 510 F.3d 350, 354 (2d Cir. 2007). "The procedure for determining whether a hearing is necessary is in part analogous to . . . a summary judgment proceeding. . . . If material facts are in dispute, a hearing should usually be held, and relevant findings of fact made." Raysor, 647 F.3d at 494 (quoting Puglisi, 586 F.3d at 213).

**The Petitioner's Motion Is Procedurally Barred**

6

If it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Puglisi, 586 F.3d at 213. Here, the record reveals that Guzman does not meet the "in custody" requirement of habeas corpus jurisdiction, and his § 2255 motion must be denied.

In order to file a federal habeas corpus petition, a petitioner must be "in custody." See 28 U.S.C. § 2255(a). The Petitioner contends that he meets the "in custody" jurisdictional requirement of 28 U.S.C. § 2255 because of the potential immigration consequences of his guilty pleas. See Pet.'s Br. at 13 ("I also allege that I meet the 'in custody' requirements of 28 USC Section 2255 because of the removal (immigration) consequences of my guilty pleas."). However, the Petitioner is not "in custody" because, first, the Petitioner's federal sentence has been fully discharged and he is no longer physically confined, and, second, the collateral immigration consequences of the Petitioner's guilty pleas are not sufficient to satisfy the "in custody" jurisdictional requirement.

Although physical confinement is not necessary in order for a prisoner to challenge his sentence, see Jones v.

7

Cunningham, 371 U.S. 236, 241-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (holding that prisoner on parole remains "in custody"), the Supreme Court, in interpreting the "in custody" language under the federal habeas statute, has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). The rationale in such a case is that the "habeas petitioner suffers no present restraint from a conviction." Id. at 492. A petitioner whose federal sentence has been fully discharged and who is not physically confined does not meet the "in custody" requirement of habeas corpus jurisdiction. See, e.g., Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (holding that because petitioner filed his habeas petition after his term of incarceration and supervised release had expired, he was not "in custody" and was jurisdictionally barred from asserting his habeas corpus claim). In this case, Guzman does not claim to be incarcerated or under any sentence of supervised release or probation. Probation records confirm that Guzman is not currently serving a term of probation for the 1983 convictions at issue in this motion. Because his sentence has expired, Guzman is not "in custody," and his habeas corpus petition is without jurisdictional basis.

8

Additionally, collateral immigration consequences of a petitioner's conviction are not sufficient to satisfy this jurisdictional requirement. See, e.g., Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) ("Because [petitioner's] sentence was fully expired by the time he filed his Section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not 'in custody' for the purposes of Section 2255."); United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (finding that a petitioner did not satisfy the "in custody" requirement of Section 2255 even though he was facing the collateral consequence of deportation); Cuevas v. New York, No. 01 CIV 2550(RWS), 2002 WL 206985, at *2 (S.D.N.Y. Feb. 11, 2002) ("A habeas petitioner who has completed his sentence and was the subject of an INS deportation order cannot attack his underlying state court criminal conviction in a federal habeas corpus proceeding because he was no longer in custody with respect to the expired state conviction."); Adegbuji v. United States, No. 03 Civ. 2667(RPP), 2003 WL 21961122, at *3 (S.D.N.Y. Aug. 18, 2003) (holding that petitioner's "current INS incarceration is a collateral consequence of his convictions for the purposes of Section 2255" insufficient to satisfy the "in custody" requirement of that statute); Grant v. Lantz, No.

3:05CV1756(MRK), 2006 WL 1662896, at *3 (D. Conn. 2006) (same). In this case, Guzman is not currently detained by immigration authorities, and the March 11, 1998 Executive Office for Immigration Review order demonstrates that the Petitioner is not subject to deportation. Even if Guzman were incarcerated by immigration authorities or subject to deportation, his sentence would not be challengeable on this basis alone.

Because the Petitioner's federal sentence has been fully discharged and because the collateral immigration consequences of the Petitioner's guilty pleas are insufficient to satisfy habeas corpus jurisdictional requirements, Guzman has failed to establish that he is "in custody" within the meaning of 28 U.S.C. § 2255. Accordingly, his petition is procedurally barred.

**The Timeliness Of Petitioner's Motion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2255(f), provides that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

10

> (1) the date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Guzman contends that his motion is not time-barred because the one-year period of limitations runs from "the date on which the right asserted under Padilla v. Kentucky was recognized by the Supreme Court on March 31, 2010 and [he] assert[s] that it was made retroactively applicable to cases on collateral review." Pet.'s Br. at 13; 28 U.S.C. § 2255(f)(3).[1] The Government contends that Guzman's § 2255 is time-barred under AEDPA.

---

[1] The Petitioner's motion was filed on April 8, 2011, more than one year following the Supreme Court's ruling in Padilla v. Kentucky on March 31, 2010. However, Guzman's signature, which is accompanied by that of a notary public, is dated March 30, 2011. In the context of habeas motions, the courts often deem a motion to be filed as of the date it is signed. See, e.g., Cromwell v. Keane, 27 Fed. Appx. 13, 14 (2d Cir. 2001); Adames v. Artus, No. 10 Civ. 398(DAB)(HBP), 2011 WL 813627, at *2 (S.D.N.Y. Jan. 20, 2011). However, the cases applying this principle involve litigants who are incarcerated or proceeding pro se, unlike Guzman who is out of jail and represented by counsel. As noted below, because Guzman's petition can be

11

In order to determine whether Guzman's petition is timely under 28 U.S.C. § 2255(f)(3), which grants petitioners one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the Court would be required to take a position concerning Padilla's retroactivity. The Supreme Court has yet to decide whether Padilla applies retroactively in cases in which a petitioner seeks collateral review of a criminal conviction. See Torres v. Ercole, No. 07 Civ. 8090(RJS)(FM), 2011 WL 5986979, at *15 (S.D.N.Y. Nov. 29, 2011); Estrella v. United States, No. 11 Civ. 4639(JFK), 2011 WL 3667431, at *2 (S.D.N.Y. Aug. 22, 2011). Lower courts addressing this issue have reached different conclusions. See Richards v. United States, No. 11 CV 1341(HB), 2011 WL 3875335, at *3 n.1 (S.D.N.Y. Sept. 1, 2011) (collecting cases holding both that Padilla applies retroactively and does not apply retroactively). As described above, the Petitioner's motion is procedurally barred. In addition, as noted below, the Petitioner's ineffective assistance of counsel claim fails on

---

decided on alternative grounds, the issue of whether his motion is timely is not resolved here.

account of the Petitioner's failure to fulfill the prejudice prong of the Strickland test. Because this motion can be decided on these independent grounds, it is unnecessary to determine whether Guzman's motion was filed within the period of limitations prescribed by 28 U.S.C. § 2255. The issue of whether Padilla applies retroactively is not resolved by this opinion.

## The Petitioner's Ineffective Assistance Of Counsel Claim Is Without Merit

Even if the Petitioner's § 2255 motion were not procedurally barred, his ineffective assistance of counsel claim is without merit. The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The Supreme Court has established a two-part test for evaluating claims of ineffective assistance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); accord Morales, 635 F.3d at 43. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel

13

made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. While the defendant must prove both deficient performance and prejudice, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Under Strickland's first prong, there is a strong presumption that the assistance rendered by an attorney is objectively reasonable. 466 U.S. at 688-89; Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("[J]udicial scrutiny of counsel's performance must be highly deferential") (citing Strickland, 466 U.S. at 689). The performance inquiry examines the reasonableness of counsel's performance "from counsel's perspective at the time" and "considering all the circumstances." Strickland, 466 U.S. at 688-89. In this regard, it is well-settled that "[a]ctions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel." Gibbons v. Savage, 555 F.3d 112, 122 (2d Cir. 2009). "[S]trategic choices made after thorough investigation of law

14

and facts relevant to plausible options are virtually unchallengeable" and even strategic choices made after less than complete investigation do not necessarily amount to ineffective assistance, so long as the known facts made it reasonable to believe that further investigation was unnecessary. Strickland, 466 U.S. at 690-91. Moreover, an attorney is under no obligation "to advance every nonfrivolous argument that could be made." Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001).

The second Strickland prong requires an affirmative showing of prejudice. 466 U.S. at 694; Gueits v. Kirkpatrick, 612 F.3d 118, 122 (2d Cir. 2010). The petitioner's burden with respect to prejudice is similarly stringent, as he must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; accord United States v. Caracappa, 614 F.3d 30, 46 (2d Cir. 2010). "[T]here is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). In applying this standard, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; accord Wilson v. Mazzuca, 570 F.3d

15

490, 507 (2d Cir. 2009). "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696.

Prior to the Supreme Court's ruling in Padilla, the first prong of the Strickland test required that defense counsel avoid making an "affirmative misrepresentation" regarding the immigration consequences of a plea. United States v. Couto, 311 F.3d 179, 187-88 (2d Cir. 2002) (holding that, while "an attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness," an "affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is . . . objectively unreasonable"). In 2010, the Supreme Court's opinion in Padilla v. Kentucky held that defense counsel's failure to advise a defendant of the potential adverse consequences of a guilty plea constitutes objectively deficient performance under the first prong of the Strickland test. 130 S.Ct. at 1483. However, even if it is assumed that Guzman's attorney did not advise him as to the immigration consequences of his guilty plea,[2] because the retroactivity of

---

[2] There is a dispute as to whether Guzman's attorney advised the Petitioner of the immigration consequences of his guilty plea. The attorney who represented the Petitioner at his

the Supreme Court's holding in Padilla has yet to be determined, the issue of whether Guzman's counsel acted in an objectively unreasonable manner must remain open.

Courts need not resolve the first Strickland prong if the second is more readily resolved. See Farrington v. Senkowski, 214 F.3d 237, 242 (2d Cir. 2000); see also United States v. Gonzalez-Montes, No. 10-1536-cr, 2011 WL 5142568, at *2 (2d Cir. Oct. 28, 2011). With respect to the second prong of the Strickland test, the Petitioner must demonstrate prejudice with respect to his decision to plead guilty. In other words, Guzman must show that there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203

---

October 6, 1983 guilty plea, Lawrence Hermann, Esq., submitted an affidavit in which he attests that he "was well aware of the deportation consequences of weapon and narcotics-related offenses and convictions," Hermann Aff. ¶ 5, and that it had been his "practice since 1978 to explain to non-citizen clients the potential deportation consequences of a weapon or narcotics convictions, as well as potential relief until 1995 from a 212 C waiver for long time residents," id. ¶ 6. Mr. Hermann's affidavit also states: "While I have no specific recollection of making such an explanation to Jose Nelson Guzman, my former client, it is my belief that due to my having destroyed his file after seven years, there was nothing remarkable about his case, or its disposition[.]" Id. ¶ 7.

17

(1985). In this case, the Petitioner has not asserted that he is innocent of the crimes to which he plead guilty, nor has he presented proof that he could have succeeded in avoiding conviction following a trial. See Eisa v. Immigration and Customs Enforcement, No. 08 Civ. 6204(FM), 2008 WL 4223618, at *10 (S.D.N.Y. Sept. 11, 2008) (holding that petitioner could not establish prejudice because, inter alia, petitioner "does not dispute that he committed the crime to which he pleaded guilty, nor does he suggest that the Government would have been unable to prevail at trial."). Furthermore, the Petitioner was not deported as a consequence of his guilty plea. Although Guzman was placed in immigration proceedings in 1997, an Immigration Judge terminated those proceedings in 1998. The Petitioner is not currently detained by immigration authorities or subject to deportation. Regardless of whether Guzman had gone to trial and won or pursued the course he did by entering his guilty pleas, the result, with respect to the Petitioner's immigration issues, would have been the same, with the Petitioner remaining a lawful permanent resident in the United States. Accordingly, the Petitioner has not proven that he was prejudiced by his attorney's alleged failure to inform him of the immigration consequences of his decision to plead guilty, and his ineffective assistance of counsel claim fails.

**Conclusion**

Based on the conclusions set forth above, the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody is denied.

It is so ordered.

**New York, NY**
**December 6, 2011**

_____
**ROBERT W. SWEET**
**U.S.D.J.**